IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

KINI COSMA,

        Plaintiff,

    v.

STATE OF OREGON; KLAMATH COUNTY;
ROXANNE OSBORNE; RICHARD RAMBO;
ED CALEB; EVELYN OLDENKAMP; COLE
CHASE; KLAMATH COUNTY SHERIFF'S
DEPARTMENT; TIM EVINGER, KLAMATH
COUNTY CODE ENFORCEMENT; DOES
1-100,

        Defendants.

Civil No. 10-3062-CL

ORDER TO PROCEED IN FORMA
PAUPERIS AND REPORT AND
RECOMMENDATION TO DISMISS

CLARKE, Magistrate Judge:

    Plaintiff Kini Cosma brings this action against defendants seeking declaratory relief, compensatory damages, and attorneys fees and costs.  She seeks to proceed *in forma pauperis* (#1).  For the reasons set forth below, plaintiff's complaint should be dismissed, without service of process, on the basis that plaintiff's action is frivolous and fails to state a claim for relief. See 28 U.S.C. § 1915(e)(2).

1- ORDER TO PROCEED IN FORMA PAUPERIS AND REPORT AND RECOMMENDATION
TO DISMISS

## STANDARDS

28 U.S.C. § 1915(e)(2) provides that, where a case is filed in forma pauperis, "the court shall dismiss the case at any time" if the court determines that the action is frivolous, it fails to state a claim on which relief may be granted, or a defendant is immune from an award of monetary relief. See Lopez v. Smith, 203 F.3d 1122, 1124, 1130 (9th Cir. 2000) (en banc); Neitzke v. Williams, 490 U.S. 319, 324 (1989) [former § 1915(d)].

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325; Lopez v. Dept. of Health Servs., 939 F.2d 881, 882 (9th Cir. 1991).

In considering whether a complaint states a claim for relief, the factual allegations, taken as true, must be sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff must plead sufficient facts to "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).[1] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555.

---

[1] Although Iqbal addressed pleading standards in the context of a motion to dismiss on the ground of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court's standards apply equally to the court's screening of a complaint pursuant to section 1915 relating to whether any claim is stated by plaintiff.

If a complaint is dismissed on the ground that is fails to state a claim for relief, the court retains the discretion to make the dismissal with leave to amend or without leave to amend. Lopez v. Smith, 203 F.3d at 1124, 1130.

Neither Iqbal nor Twombly, however, altered the court's treatment of pro se pleadings. Hebbe v. Pliler, ___ F.3d ___, 2010 WL 4673711, at *3 & n.7 (9th Cir. Nov. 19, 2010). Complaint allegations of pro se plaintiffs are held to less stringent standards than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), and complaints by pro se plaintiffs are liberally construed, Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).

Federal Rule of Civil Procedure Rule 8(a) requires that a complaint set forth a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim, and a demand for judgment for the relief plaintiff seeks. It does not require extensive or technically precise pleadings, but does require the presentation of factual allegations with sufficient clarity and certainty to enable defendant to determine the basis of plaintiff's claim and to formulate a responsive pleading. Edwards v. N. Am. Rockwell Corp., 291 F. Supp. 199, 211 (C.D. Cal. 1968). The purpose of the rule is to give defendant fair notice of what plaintiff's claim is and the grounds upon which it rests. Velasquez v. Senko, 643 F. Supp. 1172 (N.D. Cal. 1986).

## DISCUSSION

In plaintiff's 41-page complaint, she cites various statutes and cases, including lengthy quotations and definitions of legal terms relating to the Trafficking Victims Protection Act and

Trafficking Victims Protection Reauthorization Act, the definition of torture as used in the criminal statutes, human subject research, and false imprisonment.  She includes a request for back wages under the Fair Labor Standards Act and state law.  Plaintiff refers to events which took place in California, and events which occurred in 1991 and 1995.  In her factual allegations, plaintiff references certain Klamath County Circuit Court cases by case number and other citation numbers.  Plaintiff's first cause of action alleges violations of the Fifth Amendment, Sixth Amendment, and Due Process Clause, referencing the presumption of vindictiveness, the right to a speedy trial, ineffective counsel, and false imprisonment / unlawful seizure.  Her second cause of action alleges violation of the Fifth and Eighth Amendment prohibition on cruel and unusual punishment, referencing torture.

The court has reviewed plaintiff's complaint and the statutes and legal theories cited by plaintiff and finds that her complaint allegations are confusing and offer no more than conclusory statements defendant's liability.  Her allegations lack any arguable basis in fact or law and are frivolous.  Moreover, plaintiff fails to plead facial plausibility, that is, there is a lack of factual content as to how each defendant harmed plaintiff which would allow the court to draw any reasonable inference that a defendant is liable to plaintiff.  Plaintiff fails to allege sufficient facts which support relief above the speculative level and allow defendant to ascertain what defendant should respond to.

Plaintiff's action should be dismissed under 28 U.S.C. § 1915(e)(2)(B) on the grounds that it is frivolous and it fails to state a plausible claim for relief.

//

4- ORDER TO PROCEED IN FORMA PAUPERIS AND REPORT AND RECOMMENDATION TO DISMISS

If plaintiff's action is dismissed and she is given leave to amend her complaint, plaintiff should be ordered to draft a complaint with a short and concise statement of her claim or claims against defendant in compliance with Rule 8(a) which would allow the court and defendant to determine the basis of plaintiff's claims.

## ORDER

Plaintiff's application to proceed in forma pauperis (#1) is granted.

## RECOMMENDATION

Based on the foregoing, it is recommended that plaintiff's action be dismissed.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.* Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. *Objections to this Report and Recommendation, if any, are due by January 3, 2011. If objections are filed, any response to the objections are due by January 20, 2011, see* Federal Rules of Civil Procedure 72 and 6.

Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

//

//

5- ORDER TO PROCEED IN FORMA PAUPERIS AND REPORT AND RECOMMENDATION TO DISMISS

DATED this _13_ day of December, 2010.

_____
UNITED STATES MAGISTRATE JUDGE